## DENSMORE v. C. P. ROCKWELL, Inc., et al.

District Court, D. Massachusetts. July 15, 1929.

No. 2806.

Everett E. Kent and Mitchell, Chadwick & Kent, all of Boston, Mass., Philip S. Mc-Lean, of New York City, and Harold E. Cole, of Boston, Mass., for plaintiff.

Alonzo E. Yont, J. L. Stackpole, and Fish, Richardson & Neave, all of Boston, Mass., and Rector, Hibben, Davis & Macauley, of Chicago, Ill., for defendant.

LOWELL, District Judge. This bill in equity was brought to restrain the infringement of letters patent No. 1,525,923, granted on February 10, 1925, to Albert A. Densmore. The patent relates to the starting mechanism of automobiles, in which the engine of the car is given its initial impulse by a revolving armature shaft carrying a pinion which meshes with the flywheel of the engine. The object of the invention is to prevent injury to the teeth of the gears after the engine has been put in motion. The pinion is pushed axially along the armature shaft, into mesh with the flywheel gear; as soon as it begins to revolve, the pinion is automatically released from the pusher and rotates freely, whether the operator's foot be kept on the pedal or not. If the pedal be released, the pinion is withdrawn; if not, the pusher will continue to advance and retreat, but will not be in operative connection with the pinion, owing to a clutch connection between the pusher and the pinion, the parts of which will slip past each other.

The hub of the pinion is elongated and provided with two radial flanges, with a space between, thereby forming what is described in the patent as an "elongate circumferentially extending groove" (page 2, line 12). The clutch consists of projections on the outer end of the pusher, adapted to register with radial grooves in the outer flange on the pinion hub. When the pusher reaches its limit of axial motion, shoving the pinion ahead of it, and begins to rotate, the rotatory motion is imparted to the pinion by the means of the clutch. The inner flange on the pinion hub is engaged by "an annular inwardly directed flange at the outward end of the pusher" (page 2, line 14) as it retreats, which withdraws the pinion from its forward position in mesh with the flywheel gear.

Another feature of the plaintiff's invention is a spring-controlled detent acting in connection with longitudinal grooves in the pusher, whose function is to prevent the pusher from rotating with the motor shaft until its motion along that shaft caused by screw threads thereon is prevented by a stop at the outer end of it. When it reaches this stop, the pusher is compelled to rotate with the motor shaft; the spring detent snapping around the pusher from one longitudinal groove to another.

The claims relied on are the fifth, tenth, and eleventh. The alleged infringing device differs in several particulars from the invention covered by these claims. The plaintiff's mechanism is of the type known as "automatic," in which motion is given to the device by the revolution of a motor shaft. The defendant's mechanism was referred to in the testimony as being manually operated, motion being imparted to it by a lever connected with the foot pedal. In the plaintiff's device the foot pedal merely makes the electrical connection to start the motor. In the defendant's device the parts are first shoved into proper position by the lever connected with the foot pedal, and the motor is not started until this point is reached.

Each device has a cylindrical tubular pusher concentric with the armature shaft. It is interiorly screw-threaded for engagement with screw threads upon the shaft. Forward motion is imparted to the plaintiff's pusher by the revolution of the armature shaft, the pusher being prevented by the spring-controlled detent from turning with the shaft. The defendant's pusher is moved by the operating lever and turns helically forward around the shaft while the latter is at rest.

In each device there is a clutch connection between the pusher and the pinion, the pusher being moved forward to close the clutch and then move the pinion into mesh with the engine gear.

994

It frequently happens in starting mechanisms that the teeth of the pinion do not mesh at once with the teeth of the engine gear. If this occurs, the defendant's device allows sufficient play for the electrical connection to be made, which causes the armature shaft to revolve, carrying with it the pinion, which thus becomes enmeshed with the engine gear. In this particular the defendant's device was shown by the evidence to be more efficient than the plaintiff's, as there is nothing to prevent this action, while in the plaintiff's device, if the teeth of the two gears do not at once mesh, the spring detent must be snapped out of position, which prevents a smooth meshing of the gears and causes a wearing of the parts. The defendant's principal witness was of the opinion, with which I agree, that this was a serious defect in the plaintiff's device.

At the time of the plaintiff's application for a patent there were many old devices showing in general the features of the invention. The pinion is advanced and withdrawn in a usual way, old in the art, of being pushed along the shaft of the rotating starting motor, being carried on a sleeve free to move axially along the motor shaft till its course is stopped, when it becomes locked with that shaft and rotates with it, thereby imparting motion to the engine of the automobile. The only new details which concern the present case are the peculiar form of the clutch and of the withdrawing mechanism, requiring for their operation an elongated hub having an elongated circumferential groove, and the spring-controlled detent. It need not be decided whether these details are patentably novel, as they are not present in the defendant's device.

The defendant's pinion is withdrawn by a stout spring connected to the operating pedal. In connection with his claim No. 10 the patentee formally disclaimed the use of a spring for withdrawing the pinion. This disposes of claim No. 10. The principal difference, however, between the two devices, is in the hub of the pinion. The elongated hub of the plaintiff's device is an essential part of his invention; it is specified in claim No. 5 as "an elongated hub having an elongated circumferential groove." This feature is not present in the defendant's device. The spring-controlled detent covered by claim No. 11 is also absent.

In my opinion the plaintiff has not proved infringement.

Bill dismissed.